IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ROY L. PERRY-BEY, *et al.*  )<br>)<br>Plaintiffs,  )<br>)<br>v.  )<br>)<br>DONALD JOHN TRUMP, *et al.*,  )<br>)<br>Defendants.  )<br>)<br>) | Civil No. 1:23-cv-01165-LMB-IDD |

**RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR JOINDER IN SUPPORT OF AMENDED COMPLAINT**

Defendant Donald John Trump ("President Trump") opposes Plaintiffs' Motion for Leave for Joinder of Required Parties (ECF No. 54)[1] and joins the Commonwealth Defendants' Motion to Strike Plaintiffs' Motion for Joinder of Parties (ECF No. 57).

For the reasons set forth in the Commonwealth Defendants' Motion, this Court should strike Plaintiffs' Motion.

In the alternative, Plaintiffs' Motion should be denied.

Plaintiffs already sought leave to amend their Complaint for the third time in order "to join Georgia Alvis-Long, Secretary of Elections a required party." ECF No. 43. Their motion was denied. ECF No. 44.

In this Court's Order denying leave to amend the Complaint, this Court noted "[a]s the parties who initiated the litigation, plaintiffs were in a position to examine potential jurisdictional

---

[1] President Trump notes that Plaintiffs have not sought to meet and confer regarding their Motion and have not provided either a telephone nor email address for Plaintiff Roy Perry-Bey on the docket to facilitate communication.

defects both before filing the original complaint and in filing the subsequent Amended Complaint and Second Amended Complaint." ECF No. 44 at 2. This Court further noted that "[b]ecause plaintiffs have been given ample opportunity to correct defects in their initial pleadings, and because the Court has granted plaintiffs additional time to respond to defendants' Motions to Dismiss, any further delay or amendment would prove prejudicial to the opposing parties." *Id*.

Substantively, Plaintiff's amounts to a motion to reconsider this Court's prior Order denying his motion for leave to amend. Yet, it makes no effort to meet the high standard applicable to such a motion—barely acknowledging this Court's prior ruling, much less showing new facts or that this Court overlooked or misconstrued controlling law. As this Court has noted, "a motion to reconsider is 'not authorized when it is nothing more than a request for the district court to change its mind.'" *Myers v. Simpson*, 831 F. Supp. 2d 945, 956 (E.D. Va. 2011) (Brinkema, J.), quoting *Lee X v. Casey,* 771 F.Supp. 725, 728 (E.D.Va.1991) (citing *United States v. Williams,* 674 F.2d 310, 313 (4th Cir.1982)).

There is no reason to revisit this Court's prior Order denying leave. As this Court previously noted, additional delay would be prejudicial to the defendants, including President Trump.

Accordingly, Plaintiff's Motion should be denied.

Dated: December 4, 2023                      Respectfully submitted,

/s/ Gary M. Lawkowski
Gary M. Lawkowski (VSB No. 82329)
David A. Warrington (VSB No. 72293)
Jonathan M. Shaw (VSB No. 98497)
DHILLON LAW GROUP INC.
2121 Eisenhower Avenue, Suite 608
Alexandria, VA 22314
Telephone: 703.574.1206

glawkowski@dhillonlaw.com
dwarrington@dhillonlaw.com
jshaw@dhillonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all registered ECF users. A copy of this opposition will also be mailed to Plaintiff Roy Perry-Bey.

Date: December 4, 2023

By: /s/ Gary M. Lawkowski
Gary M. Lawkowski